O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA MORA,** | NO. EDCV 07-1527-MAN |
| **Plaintiff,** | |
| | MEMORANDUM OPINION |
| v. | |
| | AND ORDER |
| **MICHAEL J. ASTRUE,** **Commissioner of the** **Social Security Administration,** | |
| **Defendant.** | |

Plaintiff filed a Complaint on November 27, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of her application for supplemental security income ("SSI"). On January 1, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on August 13, 2008, in which: Plaintiff seeks an order reversing the Commissioner's decision and directing the immediate payment of benefits or, in the alternative, remanding the matter for a new administrative hearing; and Defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff claims to have been disabled since March 1, 1994, because of back pain. (Administrative Record ("A.R.") 23, 67.) She has past relevant work experience as a hotel maid. (A.R. 68.)

Plaintiff filed an application for SSI on August 17, 2005. (A.R. 58.) The Commissioner denied Plaintiff's claim initially and upon reconsideration. (A.R. 37, 44.) On May 2, 2007, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Mason D. Harrell ("ALJ"). (A.R. 23.) On May 14, 2007, the ALJ denied Plaintiff's claim. (A.R. 23-28.) The Appeals Council subsequently denied Plaintiff's request for review of that decision. (A.R. 4.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that Plaintiff has the following severe impairments: (1) cervical sprain/strain; (2) lumbosacral sprain/strain; and (3) a history of polymalgia and arthalgia. (A.R. 25.) However, the ALJ concluded that such impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (*Id*.) Based on Plaintiff's medical records and the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff has the residual functional capacity[1] to perform medium work.[2] As a result, the

---

[1] "The residual functional capacity assessment considers only functional limitations and restictions that result from an individual's medically determinable impairment or combination of impairments,

ALJ found that Plaintiff can perform her past relevant work as a hotel maid. (A.R. 27.) Additionally, the ALJ found that Plaintiff's statements concerning her disability were not entirely credible. (*Id.*) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue. (A.R. 28.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a

---

including the impact of any related symptoms." Social Security Ruling 96-8p.

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, he or she can also do light work. 20 C.F.R. § 416.967.

whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following issue: whether Plaintiff retains the residual functional capacity to perform either her past relevant work as a hotel maid or identified alternative work. (Joint Stip. at 4.)

**I.  The ALJ Improperly Relied On The Testimony Of The Vocational Expert.**

At step four of the Social Security disability determination, the claimant has the burden of showing that she can no longer perform her past relevant work. <u>Bustamante v. Massanari</u>, 262 F.3d 949, 953-54 (9th Cir. 2001). The claimant must be able to perform the job as she actually performed it, or as it is generally performed in the national economy. Social Security Ruling 82-61; <u>Pinto v. Massanari</u>, 249 F.3d 840, 844 (9th Cir. 2001). Although the burden of proof lies with the claimant at step four, the ALJ "still has a duty to make the requisite factual findings to support his conclusion." *Id.* (citing Social Security Ruling 82-62). Information from the Dictionary of Occupational Titles ("DOT") or the testimony of a VE may be used to ascertain the demands of an occupation as ordinarily required by employers throughout the national economy. Social Security Ruling 82-61.

According to DOT section 323.687-014, Plaintiff's occupation as a hotel maid requires a Strength Level of light work[3] and a Language Level of 1. Language Level 1 specifically requires that a person have the following skills:

> Reading: Recognize meaning of 2,500 (two-or three-syllable words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 416.967.

1 | of numbers.

3 | Writing: Print simple sentences containing subject, verb, and
4 | object, and series of numbers, names, and addresses.

6 | Speaking: Speak simple sentences, using normal word order, and
7 | present and past tenses.

9 | <u>Dictionary of Occupational Titles</u>, 4th ed., Appendix C.

If the ALJ chooses, as in this case, to rely on the testimony of a VE, the hypothetical posed to the VE must be "accurate, detailed, [and] supported by the record." <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999). However, if the hypothetical presented to the VE does not reflect all of the claimant's limitations and/or is not supported by evidence in the record, the VE's testimony has no evidentiary value. <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1993); <u>Embrey v. Bowen</u>, 849 F.2d 418, 422-23 (9th Cir. 1988); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984). To ensure the validity of the VE hypothetical, the ALJ should base it upon evidence appearing in the record, whether disputed or not. *Id.*

In this case, the following exchange took place between the ALJ and the VE:

Q: Okay. Mr. Scott, let's suppose there's an individual who is illiterate in English and has the following limitations -- lifting is limited to -- pulling -- pushing, pulling, lifting

```
 1        and carrying is limited to 50 pounds occasionally and 10 -- 25
 2        pounds frequently -- it's 50 occasionally and 25 frequently.
 3        Walking and standing are unrestricted. Sitting is
 4        unrestricted. Bending, kneeling, stooping, crawling and
 5        crouching can be done on an occasional basis. Walking on
 6        uneven terrain, climbing ladders or working at heights can be
 7        done on a frequent basis. . . . [T}he individual is right
 8        handed and on the left side . . . as far as manipulative
 9        movements go -- she's limited to above shoulder level
10        activities to occasional on the left, but otherwise has
11        unlimited reaching in the upper extremities. Unlimited
12        handling, fingering and feeling both sides. With those
13        limitations could someone perform the claimant's prior work as
14        a housekeeper in a motel?
15
16        A: Yes, Your Honor.
17
18        . . . .
19
20        Q: Okay. And your testimony is consistent with the Dictionary
21        of Occupational Titles?
22
23        A: Yes, Your Honor.
24
25 (A.R. 242-45.)   Basing his decision on the above exchange and on
```

Plaintiff's medical reports,[4] the ALJ concluded that Plaintiff has the residual functional capacity to perform medium work with limitations,[5] and therefore, she can perform her past relevant work as a hotel maid. (A.R. 25.)

Plaintiff, relying primarily on Pinto, *supra*, contends she does not have the ability to perform her past relevant work, as it is generally performed, because she is illiterate,[6] and therefore, she does not meet

---

[4] Because Plaintiff offered very few medical records regarding her physical well-being, the ALJ relied on the consultative orthopedic evaluation ordered by the State Agency and performed by Dr. Johnson on October 27, 2005. (A.R. 111-15). Dr. Johnson found that Plaintiff could perform medium work with the following limitations:

> Pushing, pulling, lifting, and carrying and limited to 50 pounds occasionally and 25 pounds frequently.
>
> Walking and standing are unrestricted.
>
> Postural, i.e., bending, kneeling, stooping, crawling, and crouching can be done on an occasional basis.
>
> Walking on uneven terrain, climbing ladders, or working at heights can be done on a frequent basis.
>
> Sitting is unrestricted.
>
> Assisted ambulatory devices are not required.
>
> Manipulative movements; she has limited function above shoulder level to occasionally on the left, otherwise unlimited reaching in the upper extremities . . . handling, fingering, and feeling are all unlimited bilaterally.

(A.R. 114.)

[5] Specifically, the ALJ found that Plaintiff could push, pull, lift, and carry 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk without restriction; bend, kneel, stoop, crawl, and crouch no more than occasionally and no more than occasional work above the shoulder level on left side. (A.R. 25.)

[6] Pursuant to 20 C.F.R. § 416.964(b)(1), "illiteracy" is defined as the inability to read or write." A claimant may be found "illiterate" or "unable to communicate in English" if she is "either illiterate in

the Language Level 1 requirement.[7] (Joint Stip. at 7.) In Pinto, at the claimant's disability hearing, the ALJ set forth in his hypothetical to the VE that the claimant was illiterate in English and could perform medium work with limitations. 249 F.3d at 843. Based on the hypothetical presented, the VE found that the claimant could perform her past relevant work as a hand packager. *Id*. at 844. However, the definition of a hand packager in the DOT requires a Language Level 1. *Id*. at 844-45. The Ninth Circuit found that the ALJ's failure to explain how claimant's illiteracy limitation related to his finding that the claimant could perform her past relevant work as generally performed constituted reversible error. *Id*. at 847. The Ninth Circuit recognized that a person's ability to communicate in English must be considered when evaluating what work a claimant can perform in the national economy. *Id.* at 846; *see also* 20 C.F.R. § 416.964(b)(5).

Although it is appropriate for an ALJ to rely on a VE's testimony that contradicts the requirements in the DOT, the ALJ can do so only in instances where "the record contains persuasive evidence to support the

---

English or unable to communicate in English or both." Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000).

[7] Additionally, Plaintiff claims she cannot perform her prior work as she performed it, because she would need to be capable of lifting more than 50 pounds. (Joint Stip. at 7.) As described by Plaintiff in her application for disability benefits, her past relevant work as a hotel maid required her to lift up to 70 pounds. (*Id.* at 6; A.R. 68.) Thus, Plaintiff contends that her past relevant work was performed at the heavy level of exertion, and therefore, she cannot perform her past relevant work as she performed it, because she cannot lift greater than 50 pounds. Although Plaintiff asserts she cannot perform her work as she previously performed it, she can perform such work as it is generally performed at a light level of exertion. Since Plaintiff does not dispute that she can do medium level work, she can necessarily perform her past relevant work as a maid, because it is generally performed at a light level of exertion.

9

deviation." *See* <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995). When there is a conflict between the testimony of the VE and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony to support a decision about whether the claimant is disabled. Social Security Ruling 00-4p; <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 793-94 (9th Cir. 1997)(remanding where discrepancies between findings on residual functional capacity and the DOT were not explained by the ALJ of the VE).

Here, as in <u>Pinto</u>, the ALJ included in his hypothetical posed to the VE the fact that Plaintiff was illiterate. (A.R. 242.) However, the VE failed to explain the impact Plaintiff's illiteracy has on her ability to perform her prior work and failed to account for the deviation from the Language Level 1 requirement set forth in the DOT for the job of a hotel maid. In the Joint Stipulation, the Commissioner asserts that plaintiff's ability "to perform almost the same job despite illiteracy reasonably shows that she would be able to perform this very similar light level job, despite illiteracy." (J.S. 12.) Such a conclusory statement is not persuasive evidence to support a deviation from a DOT requirement. Although "a claimant is not per se disabled if he or she is illiterate," the ALJ must definitively explain why he or she deviates from the DOT's language requirements when finding that claimant can perform her past relevant work. *See* <u>Pinto</u>, 249 F.3d at 847. Accordingly, the VE failed to provide persuasive evidence to demonstrate that Plaintiff is capable of performing her past relevant work as a hotel maid, despite the ALJ's determination that she is illiterate.

**II. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record). Specifically, in the hypothetical to the VE, the ALJ must ask why the VE has deviated from the DOT when finding that Plaintiff can perform her past relevant work as a hotel maid.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the

decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 1, 2008

                                              /s/
                                MARGARET A. NAGLE
                        UNITED STATES MAGISTRATE JUDGE